```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   BESTWAY INFLATABLES & MATERIAL    )
     CORP.,                            )
 4                                     )  Docket No. 23 C 2286
                   Plaintiff,          )
 5                                     )  Chicago, Illinois
           v.                          )  May 4, 2023
 6                                     )  9:57 a.m.
     THE INDIVIDUALS, CORPORATIONS,    )
 7   LIMITED LIABILITY COMPANIES,      )
     PARTNERSHIPS AND UNINCORPORATED   )
 8   ASSOCIATIONS IDENTIFIED ON        )
     SCHEDULE A,                       )
 9                                     )
                   Defendants.         )
10
          TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion Hearing
11              BEFORE THE HONORABLE THOMAS M. DURKIN

12
     APPEARANCES:
13
     For the Plaintiff:     MR. ROBERT P. McMURRAY
14                          Hughes Socol Piers Resnick & Dym, Ltd.
                            70 West Madison Street, Suite 4000
15                          Chicago, Illinois   60602

16


17   For Defendant          MR. EDWARD CHEN
     Hangzhou Buda Water    Law Offices of Edward Chen
18   Treatment Equipment    125 South Wacker Drive, Suite 300
     Co. Limited:           Chicago, Illinois   60606
19

20


21

22   Court Reporter:        ELIA E. CARRIÓN, CSR, RPR, CRR, CRC
                            Official Court Reporter
23                          United States District Court
                            219 South Dearborn Street, Room 1432
24                          Chicago, Illinois 60604
                            312.408.7782
25                          Elia_Carrion@ilnd.uscourts.gov
```

1   (Proceedings heard telephonically.)

2   THE CLERK: The next case is 23 CV 2286, Bestway
3   Inflatable & Material Corporation v. The Defendants Identified
4   on Schedule A.

5   Could I please ask the attorney present on behalf of
6   the plaintiff to state their name.

7   MR. McMURRAY: Good morning, Your Honor.
8   Robert McMurray on behalf of plaintiff.

9   THE CLERK: On behalf of defendants.

10   MR. CHEN: Good morning. This is Edward Chen for the
11   defendant.

12   THE COURT: Okay. I've got a motion by Defendant
13   Hangzhou Buda Water Treatment Equipment Co. Limited to
14   dissolve the TRO and unfreeze the assets.

15   Mr. Chen, have you talked to Mr. McMurray or someone
16   at -- with his firm on whether or not they will agree to your
17   motion?

18   MR. CHEN: Your Honor, I -- you know, we reached out
19   last week letting him know we'd be bringing the motion, but I
20   haven't heard back from --

21   THE COURT: Mr. McMurray, have you looked over the
22   motion?

23   MR. McMURRAY: Yes, Your Honor, my office has
24   reviewed the motion, and we will be opposing it. We would ask
25   for two weeks to file a response to the motion, and then ask

1  that -- additionally, that the asset restraint that's included
2  as a part of the temporary restraining order be continued
3  during the pendency of the briefing schedule and until a
4  hearing can be had on the motion.
5              THE COURT:  Why?
6              MR. McMURRAY:  Because if they're -- because if the
7  TRO is allowed to lapse during the pendency of the briefing
8  schedule, then there's no point to having a briefing schedule.
9  My client's prejudiced in that they are not able to file a
10 response on the record in relation to the motion.
11             THE COURT:  Do you have any evidence that your --
12 that the defendant is selling knockoffs of your product using
13 your trademark?
14             MR. McMURRAY:  Um --
15             THE COURT:  They represent they do not.  Do you have
16 evidence of that, because I sure didn't see it anywhere in the
17 complaint or the motion for TRO.
18             MR. McMURRAY:  Your Honor, it's included in the -- as
19 part of Exhibit 2 to the declaration of Eric Lee.
20             THE COURT:  Let me find it.  What document number is
21 that?
22             MR. McMURRAY:  I apologize, Your Honor, I would need
23 to look that up quickly.  I have a copy of the evidence of
24 infringement showing defendant's internet store that's selling
25 products that use -- that use my client's name in the product

1    description in order to improperly create a connection, but
2    I -- it's just this defendant. I would have to find where it
3    is in the exhibit.
4             THE COURT: Well, I've got Exhibit 2. It's
5    210 pages. I'll give you a moment to find it. But tell me
6    where this defendant is currently, because the representation
7    in the motion, which I'm taking -- because Mr. Chen's an
8    officer of the court, I'm assuming is accurate. But his
9    representation is that the -- they included your client's
10   trademark in a compatible brand and model section of its
11   Amazon listing.
12            I never got a copy of that in either -- in the
13   defendant's filing. But he says that was removed on
14   March 28th. The TRO was entered and the filing of the suit --
15   well, the filing of the suit occurred on April 12th and the
16   TRO was entered the same day. So if they took the offending
17   listing off on March 28th, I'm not sure what the basis to
18   grant the TRO was.
19            Now, if you have something that was current as of
20   April 12th where they were using your trademark and selling
21   knockoff counterfeit goods, trying to capitalize on the
22   goodwill associated with the trademark, that's the basis I
23   granted the TRO, because I -- these are ex parte so I have to
24   take these affidavits, of course, as being truthful.
25            So I'll give you a moment, but find somewhere in

1 Exhibit 2 where this defendant is -- as of the date you filed
2 the complaint actually using your client's trademark
3 improperly.
4     MR. McMURRAY: Your Honor, the --
5     THE COURT: Mr. Chen, if you have it, if you can
6 direct us to it, that's fine.
7     MR. McMURRAY: Your Honor, it looks like the evidence
8 that we submitted as part of the temporary restraining order
9 is dated February 26th of 2023.
10     THE COURT: It was filed April 12th, though.
11     MR. McMURRAY: Yes, Your Honor.
12     THE COURT: Okay. So find in here where it is so I
13 can see it.
14   (Pause in the proceedings.)
15     THE COURT: Mr. Chen, do you have access to this?
16 Was this something that was unsealed for your purposes?
17     MR. CHEN: Yeah, Judge, you know, I don't have a copy
18 of that, of the exhibit, because it was --
19     THE COURT: Do you not have it because it's sealed or
20 you just don't have it in front of you?
21     MR. CHEN: Because it's sealed -- it was sealed.
22     THE COURT: Okay. All right.
23   (Pause in the proceedings.)
24     MR. McMURRAY: Your Honor, it should be in --
25 apologies. It should be in Docket No. 16, Exhibit 2, part 4

```
 1   to the Lee declaration, page 153.
 2               THE COURT:  Okay.  So document -- which one again on
 3   the --
 4               MR. McMURRAY:  Apologies, Your Honor.  Page 155,
 5   Docket 16.
 6               THE COURT:  Docket No. 16.
 7               MR. McMURRAY:  Yes, Your Honor.
 8               THE COURT:  And that's part 2 and part 4 of the Lee
 9   declaration.
10               MR. McMURRAY:  Yes, Your Honor.
11               THE COURT:  Let me get there.
12               MR. McMURRAY:  Again, I apologize for the delay,
13   Your Honor.
14               THE COURT:  No, that's fine.  It's easier for you to
15   look at this than me, because I want to make sure I'm accurate
16   on this.
17               All right.  I'm on it.  It's a 167-page document.
18   What page --
19               MR. McMURRAY:  Yes, Your Honor.  Page 155.
20               THE COURT:  Okay.  Let me get there.
21               MR. McMURRAY:  I'm checking to make sure it's the
22   same thing that I was provided.  Yes.
23               THE COURT:  Mr. Chen, this is all sealed so your
24   client's blind on this, but I'm going to look it up.
25               One-fifty what?  One-fifty...
```

1       MR. McMURRAY: 155, Your Honor.

2       THE COURT: Okay. Almost there. All right. I'm on
3  page 155. And -- and why don't you direct me to where this
4  defendant is advertising something that utilizes your
5  trademark.

6       MR. McMURRAY: Yes, Your Honor. If you can see the
7  green box that's included in the project -- in the product
8  description, you see that they're selling products. They're
9  Type IV -- I'm sorry -- Type VI, replacement pool filters.

10      THE COURT: Yeah, let me read it for the record so
11 Mr. Chen has the benefit of --

12      MR. McMURRAY: Yes, Your Honor.

13      THE COURT: Cryspool VI Spa Filters Replacements for
14 Bestway Type VI, Lazy-Z-Spa, 90352E Coleman SaluSpa hot tub
15 filter, 4 Pack.

16      So Cryspool, is that your client, Mr. Chen?

17      MR. CHEN: Yes, Your Honor.

18      THE COURT: Okay. So Cryspool is advertising their
19 filters as replacements for Bestway and three other types of
20 filters.

21      And is the word "Bestway," is that a trademark or is
22 there some -- just the word "Bestway," is that a trademark?

23      MR. McMURRAY: Bestway is trademarked with relation
24 to pool filters and additional other pool-related accessories
25 and products.

1  THE COURT: So defendant can't compare their product
2  to your product and use your name without violating trademark
3  law?
4  MR. McMURRAY: Your Honor, Type VI is the type of
5  product that they're selling. If anyone is looking for a
6  replacement for any type of Type VI pool filter, they can find
7  that fairly easily without the necessity of including my
8  client's trademark -- product type on there.
9  THE COURT: But there's nothing distinctive about the
10  word "Bestway." I mean, it just says Bestway Type VI.
11  There's not -- it's in, you know, plain letters. I -- I'm
12  puzzled, and maybe you can educate me on this, but why can't
13  you say -- why is it improper to simply compare your product
14  or say that your product is -- can be a substitute or a
15  replacement for some other product? Is that violative of
16  trademark law?
17  And even if it is, Mr. Chen, you said your client
18  took this down on March 28th?
19  MR. CHEN: That's correct, Your Honor.
20  THE COURT: All right. So I'm puzzled why it's a
21  violation in the first place. I thought many of these cases
22  were simply people saying that they're selling a Louis Vuitton
23  bag when it was a cheap knockoff and they put the words
24  Louis Vuitton on it.
25  This is a comparison. This isn't saying these are

1  Bestway type -- Type VI filters using -- Cryspool selling
2  Bestway filters when they really aren't Bestway filters.  This
3  is just Cryspool saying these are our filters and they are
4  replacements for four other type of pool filters.  I didn't
5  think that was a -- again, educate me on this if you want --
6  but I didn't think that was a violation of trademark law,
7  but -- because Cryspool is not representing, I don't think,
8  when it says it's a replacement -- maybe the word replacement
9  is provocative -- but if you go further down in the body of
10 this, it just says it's compatible; these are compatible
11 models.
12         And in the motion, it appears that the owner of
13 Cryspool mistakenly used the words "compatible" and
14 "comparable" as the same.  I -- again, I don't know that any
15 of this justifies tying up somebody's assets.  But I'll hear
16 from you, Mr. McMurray.
17         MR. McMURRAY:  Yes, Your Honor.  It's my client's
18 position that defendant in this matter is using illegitimate
19 search engine optimization strategies in -- in order to boost
20 sale -- the customer viewership -- Bestway customer viewership
21 to their internet page in attempt to foster increased sales.
22         Now, the fact of the matter is that they're selling a
23 type -- an in -- it's essentially an industry standard; it's a
24 Type VI pool filter.  It talks about the size of the filter
25 and what general size pool filter fits.  That's not something

1  that's specific to Bestway or Cryspool or Lazy-Z-Spa or
2  Coleman.  That's industry standard.
3       As soon as they use the word "Bestway," what they're
4  doing is, anytime that somebody searches the Bestway filter on
5  Google or any search engine or on Amazon, their product is
6  going to be pushed further to the top of the options, and
7  they're doing that at the expense of all of the money and
8  effort that Bestway has put into its product development and
9  marketing.
10      And it's my client's contention that that is an
11 improper use of the Bestway mark.  Whether it says replacement
12 for or compatible or comparable with, by definition, as soon
13 as they put the words "Type VI" into their product
14 description, that's already true.
15      The -- the use of the Bestway mark is unnecessary.
16 It's superfluous to the product description.  And so at the
17 point where they're adding in something that's unnecessary in
18 order to describe their product, they're using Bestway in an
19 improper and, in my client's opinion, infringing product.
20      THE COURT:  All right.
21      MR. McMURRAY:  To the extent that -- sorry,
22 Your Honor.
23      To the extent that the defendant has taken Bestway
24 out of their product description as of March 28th, I -- I
25 don't have any additional information on that, unfortunately.

1     THE COURT: Well, you said your search that you put
2 up here in the Amazon filing -- or the Amazon posting was in
3 February?
4     MR. McMURRAY: Yes, Your Honor. If you look at the
5 top left-hand corner of the page, it shows the exact date and
6 time that this was pulled from Amazon.
7     THE COURT: All right. Well, there's no basis for my
8 granting the temporary restraining order on the evidence
9 you've presented for -- when I have a representation with an
10 affidavit that this was taken down in March -- on March 28th,
11 when your evidence, even assuming this was a trademark
12 violation -- which I may end up getting briefing on it if this
13 is being continued -- but if your evidence to support your
14 request for a TRO was February 26, I have an affidavit saying
15 it was taken down March 28th.
16     I should not have granted a temporary restraining
17 order, but, of course, I'm also flying on the blind a little
18 bit on this on these ex parte TROs, I should not have granted
19 it. I wouldn't have granted it if this evidence had been
20 presented to me prior to the TRO being granted. It's ex parte
21 so, of course, I didn't have the benefit of the motion by
22 defendant.
23     Do you have any reason to doubt the information
24 contained in defendant's affidavit and in their motion?
25     MR. McMURRAY: No, Your Honor.

1  THE COURT: Okay. Well, the motion to dissolve the
2 TRO and unfreeze assets is granted. I'm going to ask you,
3 Mr. McMurray, to prepare a proposed order to that effect. Run
4 it by Mr. Chen and we'll unfreeze it. If you want to --
5 there's still a complaint against them. If you think that
6 there's a basis to continue your complaint against them,
7 we'll -- so be it.
8  Talk to Mr. Chen and see if either, one, you can
9 resolve the case, or two, when I have you come back in
10 probably 30 days, you can determine whether or not there's
11 going to be a continued complaint against the defendant and
12 I'll set a date for an answer, or a motion to dismiss, and
13 we'll proceed at that time.
14  The issue on whether fees related to this should be
15 granted, I'm going to enter and continue. But the motion to
16 dissolve the TRO and unfreeze assets is granted.
17  Mr. McMurray, provide a draft order to Mr. Chen
18 and once it's been reviewed by both sides, or reviewed by
19 Mr. Chen and prepared by you, provide it to my courtroom
20 deputy to the proposed order inbox and I'll enter it.
21  We'll give you a status in 30 days to determine
22 whether or not the case as to this defendant continues. If it
23 does, I'll set an answer date and we'll proceed that way.
24  In the meantime, if you still are seeking injunctive
25 relief based on the new evidence that you have, then you're

1  free to come in on another motion, but it'll have to be with
2  notice to Mr. Chen.
3       So we'll give you a date.
4       MR. McMURRAY:  Understood, Your Honor.
5       MR. CHEN:  Thank you, Your Honor.
6       THE COURT:  We'll give you a date.
7       THE CLERK:  June 8th at 8:45.
8       THE COURT:  How's that work for plaintiff?
9       MR. McMURRAY:  That works for us, Your Honor.
10      THE COURT:  And defendant?
11      MR. CHEN:  Sorry; you said June 8th?
12      THE CLERK:  Yes.
13      MR. CHEN:  Yeah, that works.  Thank you.
14      THE COURT:  Okay.  If in the meantime, you resolve
15 this otherwise, notify my courtroom deputy and there's a
16 dismissal as to this defendant, we'll enter it.  If not, we'll
17 proceed as we would any other case with answers and discovery.
18      Thank you, both.
19      MR. McMURRAY:  Thank you.
20      MR. CHEN:  Thank you, Your Honor.
21   (Proceedings concluded at 10:17 a.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Elia E. Carrión          1st day of June, 2023
_____  _____
Elia E. Carrión                          Date
Official Court Reporter